IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM ARTHUR
BRANSTETTER, JR.,

      Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 13-1275-DDC

## MEMORANDUM AND ORDER

    This matter is before the court on plaintiff William A. Branstetter Jr.'s "Motion for Relief from Judgment" (Doc. 20). Plaintiff's counsel seeks an award of attorney's fees under Fed. R. Civ. P. 60(b). Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, responded (Doc. 22). For reasons discussed below, the court grants plaintiff's motion for an award of attorney's fees in the amount of $3,203.11.

**I.**     **Legal Standard**

    42 U.S.C. §406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Section 406(b) calls for court review of the proposed fees "to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## II.    Background

On July 25, 2014, this court entered judgment remanding plaintiff's Social Security Disability Insurance Benefits (DIB) Application to defendant for a new hearing before defendant's Office of Disability Adjudication and Review.  Chief Administrative Law Judge Melvin B. Werner granted plaintiff's DIB application for benefits beginning in April 2009.  On July 26, 2016, defendant issued its "Important Information" benefits award letter notice.  The notice stated that plaintiff's past-due disability insurance benefits totaled $28,035.  Under plaintiff's attorney fee contract, he agreed to pay his counsel 25% of his past due benefits.  Under this contract, plaintiff's counsel is entitled to 25% of $28,035.  This amounts to $7,008.75.

Plaintiff's counsel asserts that he already has been paid $3,714.64 for his state agency work before the Social Security Administration on the remand hearing obtaining the DIB benefits for plaintiff.  So, plaintiff's counsel now seeks an award of $3,203.12 for his work before this court.  Plaintiff's counsel reaches this amount by adding what he has already been paid ($3,714.64) to a user fee he was charged ($91).  (Plaintiff's counsel inadvertently totals these two amounts as $3,805.63, instead of the correct $3,805.64).  Subtracting the erroneous $3,805.63 from $7,008.75—the 25% ratio used in his engagement agreement with plaintiff— plaintiff's counsel asserts that he is owed $3,203.12.  Defendant does not oppose an award, but defendant contends the correct award is $3,203.11.

## III.    Analysis

The court finds that plaintiff's counsel is owed $3,203.11.  And, plaintiff's counsel was charged a $91 user fee.  Adding $91 to $3,714.64, a total of $3,805.64 should be subtracted from $7008.75 to determine the award.  Plaintiff's counsel is owed $3,203.11.

And, the court finds that this amount is reasonable. The Supreme Court has concluded that while § 406(b) does not displace contingent-fee agreements between a plaintiff and his counsel, the statute "calls for court review of such arrangements to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. When testing a contingent-fee agreement for reasonableness, the Supreme Court has identified the following as appropriate bases for a court to reduce the fee award: "(1) when 'the character of the representation and the results the representative achieved' were substandard; (2) when 'the attorney is responsible for delay' that causes disability benefits to accrue 'during the pendency of the case in court'; and (3) when 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 808). Considering all these factors, the court finds that an award of $3,203.11 is reasonable. Plaintiff's counsel and legal assistant incurred 22.1 hours on plaintiff's case. Counsel billed his time at $210/hour, and $65/hour for his legal assistant. So, counsel's billing statement for his work for plaintiff totaled $4,423.50. Counsel seeks a lesser award at $3,203.11. For 22.1 hours of work, this award comes to approximately $156/ hour. The court finds that this is reasonable under *Gisbrecht*.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Relief from Judgment is granted for the amount of $3,203.11.

**IT IS SO ORDERED.**

**Dated December 16, 2016, at Topeka, Kansas.**

                                             **s/ Daniel D. Crabtree**
                                             **Daniel D. Crabtree**
                                             **United States District Judge**